Carhart, J.
The defendant has filed Motions for Summaiy Judgment in its favor as against both plaintiffs in this consolidated case. The plaintiffs’ claims arise from fires and explosions that are alleged to be linked to a defective pipe in the natural gas service provided to the plaintiffs by the defendant. Both plain *164 tiffs allege negligence and breaches of warranties under Article Two of the Uniform Commercial Code.
Both plaintiffs have alleged issues as to the negligence claims that constitute genuine issues of material fact to be determined by the fact-finder at trial. I am not persuaded, as the defendant urges, that the issue of negligence can only be determined through the presentation of expert testimony. Since the plaintiffs have alleged issues of material fact that may be resolved in their favor by the fact-finder, the Motion for Summary Judgment on the negligence counts is denied.
Both plaintiffs claim a breach of warranty of merchantability and a breach of warranty of fitness for a particular purpose. These claims are founded on the theory that the sale of natural gas is a contract for the sale of a “good” as defined by the Uniform Commercial Code. I adopt the ruling of Rup, J. in her denial of the defendant’s Motions to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6). In its Motions to Dismiss the defendants alleged that the sale of natural gas did not constitute a sale of goods under the Uniform Commercial Code. This issue has therefore been resolved in this case. Apart from the fact that Judge Rup’s decision is the law of the case, I find that the sale of natural gas does constitute the sale of goods under the Uniform Commercial Code and, therefore, that its provisions apply in this case.
Resolution of the warranty issues will center on whether the pipes which provided the natural gas to the plaintiffs’ homes are “containers” of the goods and thus covered by the Uniform Commercial Code. No controlling legal authority exists on this issue in this Commonwealth which would entitle the defendant to summary judgment. A review of similar cases convinces me that the conclusion of Zobel, J. in his decision denying summary judgment in which he cited Hadley v. Hillcrest Dairy, Inc., 341 Mass. 624 (1961), and analogized a natural gas pipe to a returnable milk bottle, was the correct one. Downe v. Boston Gas Co., Civil No. 93-5150 (Suffolk Super. Ct. October 5, 1994). Here, although the allegedly defective pipe was not on either plaintiffs property, the pipe which delivers the natural gas pursuant to the sale is essential to the consummation of the sale and it is thus reasonable that it be construed as a “container” for purposes of the Uniform Commercial Code analysis.
Since I have found that the Uniform Commercial Code applies to the facts alleged in this case, and that the allegedly defective pipe is a “container” for Uniform Commercial Code purposes, the Motions for Summary Judgment on the breach of warranty claims are denied.
Order
For the reasons stated in this memorandum, the defendant’s Motions for Summary Judgment are denied.